Alfred De La Cruz, Esq. State Bar No. 151388
Kenneth S. Kawabata, Esq. State Bar No. 149391
**MANNING & KASS**
**ELLROD RAMIREZ TRESTER LLP**
550 West "C" Street, Suite 1900
San Diego, California 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268

Attorneys for Defendant
IKEA U.S. WEST, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA MEDELLIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IKEA U.S. WEST, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **'11CV0921 AJB BGS**<br><br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332, 1441 and 1446 |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant IKEA U.S. WEST, INC. ("Defendant") hereby removes the state court action described below to the United States District Court for the Southern District of California. In support of this Notice of Removal, Defendant states as follows:

### PROCEDURAL BACKGROUND

1. On or about February 17, 2011, RITA MEDELLIN, ("Plaintiff") commenced an action in the Superior Court of California, County of San Diego, captioned *Rita Medellin, an individual, on behalf of herself and all others similarly situated v. IKEA U.S. WEST, INC., a Delaware corporation; and DOES 1 through 50, inclusive*, Case No. 37-2011-00086086-CU-NP-CTL. ("Action"). A true and

1 correct copy of Plaintiff's Complaint for damages is attached hereto as Exhibit "1".

2. No process, pleadings, or orders have been served on Defendant in this action as of the date of filing of this Notice of Removal.

3. As noted above, a true and correct copy of Plaintiff's Complaint for Damages is attached as Exhibit "1". A true and correct copy of the Notice of Case Assignment is attached hereto as Exhibit "2". A true and correct copy of the Civil Case Cover Sheet is attached hereto as Exhibit "3". A true and correct copy of the Summons is attached hereto as Exhibit "4". A true and correct copy of the Service of Process Transmittal from CT Corporation is attached hereto as Exhibit "5".

4. As noted in the Summons (Exhibit "4") and the Service of Process Transmittal (Exhibit "5"), service was effected on Defendant on April 1, 2011. Because this Notice of Removal is filed within 30 days of service upon Defendant of the Complaint, Removal is timely pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

5. As of the date of filing of this Notice of Removal, Defendant is informed and believes that no other defendants have been served in this action. Therefore, joinder of other defendants in this Notice is not required. See, *Salveson v. Western States Bank Card Association*, 731 F.2d 1432, 1429 (9th Cir. 1984) ("Those named as defendants but not yet served in the state court action need not join in the Notice of Removal.")

6. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal with the San Diego Superior Court to effectuate removal. Defendant will also promptly serve Plaintiff's attorney of record with this Notice of Removal and the Notice of Filing of Notice of Removal.

7. Nothing herein constitutes a waiver of any of Defendant's rights, objections or defenses, including without limitation its right to seek dismissal of the Complaint on any grounds.

8. All facts described herein are based on the allegations in Plaintiff's Complaint. Defendant will dispute these allegations at the appropriate time.

## FACTUAL BACKGROUND

9. In this action, Plaintiff sets forth a cause of action for violations of the Song-Beverly Credit Card Act of 1971 (California Civil Code §1747, et seq.). Plaintiff alleges that she is a resident

of California, and entered into a retail transaction with Defendant at one of Defendant's California stores located in San Diego County. (Plaintiff's Complaint at ¶8). Plaintiff alleges, that within the last 12 months, she went to Defendant's retail store located in San Diego County and proceeded to select a product from the store that Plaintiff intended to purchase. (Id., at ¶¶14-15). Plaintiff then alleges that as she proceeded to the cashier's section of the store, which she intended to pay for the product with a credit card, a Defendant's employee requested Plaintiff's zip code which Plaintiff believed she was required to provide in order to complete the transaction. (Id., at ¶¶16-18.) Plaintiff alleges that the defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter. Plaintiff alleges that the Defendant then had Plaintiff's credit card number, name and zip code recorded in its databases. (Id., at ¶¶19-20.)

10. Plaintiff alleges that she brings the action on behalf of herself and others similarly situated as consumers in California from whom IKEA requested and recorded personal identification as part of a credit card transaction. Plaintiff alleges violations of the Song-Beverly Credit Card Act and seeks civil penalties. The action is styled as a Class Action as noted on the face page of the Complaint. Moreover, the designation of Class Action is also indicated on the Civil Case Cover Sheet (Exhibit "4"). Finally, Plaintiff sets forth Class Action allegations beginning at ¶23 of the Complaint.

11. Plaintiff seeks a certification of a Class consisting of: all persons from whom IKEA requested and recorded personal identification information as part of a credit card transaction in California, not including IKEA, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and legal representatives, successors or assigns of any such excluded persons or entities. Id. at ¶23. Plaintiff alleges that the members of the Class are so numerous that joinder of all members is impracticable. Id. at ¶24.

12. Plaintiff goes on to allege Class Action allegations as to the existence and predominance of common questions of law and fact, typically, adequacy of representation, and superiority. Id. at ¶¶25-29.

///

///

///

-3-

NOTICE OF REMOVAL OF CIVIL ACTION

## FEDERAL JURISDICTION EXISTS UNDER THE CAFA

13. Removal of this action is proper because Plaintiffs' claims, set forth as a class action, are subject to the Class Action Fairness Act of 2005 ("CAFA"). The CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a Class of Plaintiffs is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(2). In addition, the CAFA provides minimal diversity jurisdiction if the added element of a class exceeding 100 members is established. 28 U.S.C. §1332(d)(5)(B). The Act authorizes removal of such actions pursuant to 28 U.S.C. §1446.

14. In this case, Plaintiff alleges that she resides in California. See Complaint, ¶8. Plaintiff alleges that Defendant IKEA U.S. WEST, INC., is a Delaware Corporation. While Plaintiff alleges that Defendant's principal place of business is in California, that allegation is incorrect. As noted in the Declaration of John Robinson, Defendant's principal place of business is in the state of Pennsylvania at 420 Alan Wood Road, Conshohocken, Pennsylvania, 19428. In addition, the service of process transmittal from C.T. Corporation identifies the Defendant's address as 420 Alan Wood Road, Conshohocke, Pennsylvania, 19428. Finally, records from the California Secretary of State website indicates the same Pennsylvania address for IKEA U.S. WEST, INC. (See Exhibit "6").

15. Traditionally, only the citizenship of the named parties in a class action (i.e., the representative plaintiff and the defendant) is considered for diversity purposes. That the action is maintained on behalf of other, potentially non-diverse class members does not affect diversity jurisdiction., *Snyder v. Harris,* 394 U.S. 332, 339-340 (1969).

16. However, as noted even under the CAFA, diversity jurisdiction exists based on the citizenship of the respective sides. Plaintiff alleges that she is a resident of the State of California; Defendant is a resident of the State of Pennsylvania. Moreover, as Plaintiff alleges in her Complaint, the members of the Class are so numerous that joinder of all members is impracticable. Therefore,

///

///

///

given the allegation that the Class constitutes all persons in California from whom credit card purchases were made from IKEA and in which zip code information was obtained and record, the size of the Class likely exceeds 100 members based on the allegations of the Complaint.

17. Furthermore, the amount in controversy meets the $5,000,000 threshold set forth under the CAFA. In this action, Plaintiff asserts damages under the Song-Beverly Credit Card Act of 1971 and seeks penalties of an amount of up to $1,000 per violation pursuant to California Civil Code §1747.08(e). See ¶33 of the Complaint. As the Plaintiff alleges that the subject action constitutes a proposed Class Action, the assertion of $1,000 per violation in civil penalties makes the amount in controversy easily in excess of $5,000,000 based on the allegations in the Complaint. Therefore, based on the allegations of the Complaint, removal is proper as Defendant satisfies the elements as set forth in 28 U.S.C. §1332(d)(2).

18. As noted in the Declaration of John Robinson, Treasurer for IKEA North America Services, LLP, IKEA U.S. West, Inc., Defendant processed approximately 2.7 million in-store credit card transactions in the California stores for the period of December 2009 through December 2010. (See ¶4 of the Declaration of John Robinson). Thus, the amount in controversy exceeds the $5,000,000 threshold set forth under the CAFA.

## INTRA DISTRICT ASSIGNMENT

19. This action was originally filed in the San Diego County Superior Court. Therefore, this Action is properly removed to the San Diego Division of this Court pursuant to 28 U.S.C. §1446(a).

20. In the event that the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why this case should not be remanded, giving Defendant (as well as Plaintiff) the opportunity to present proper briefing and argument prior to any possible remand. Such a procedure is appropriate because pursuant to 28 U.S.C. §1447(d), a remand order is not subject to appellate review.

///

///

///

1     **WHEREFORE,** Defendant respectfully requests that this action proceed before this Court as an action properly removed. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

DATED: April 29, 2011           **MANNING & KASS**
                                                  **ELLROD, RAMIREZ, TRESTER** LLP

By: /s/ *Kenneth S. Kawabata*
      Kenneth S. Kawabata
      Attorneys for Defendant
      IKEA U.S. WEST, INC.

Privacy Statement | Free Document Readers

Copyright © 2011   California Secretary of State

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RITA MEDELLIN, an individual, on behalf of herself and all others similarly situated. | IKEA U.S. WEST, INC., a Delaware Corporation; and DOES 1 through 50, inclusive. |
| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Gene J. Stonebarger, Esq., SONEBARGER LAW, 75 Iron Point Circle, Ste. 145, Folsom, CA 95630 (916-235-7140) | Attorneys (If Known)  '11CV0921 AJB BGS Kenneth S. Kawabata, Manning & Kass, Ellrod Ramirez Trester, LLP, 550 W. "C" St., Ste. 1900, San Diego, CA 92101 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
California Civil Code Section 1747.08
Brief description of cause:
Alleged unlawful use of zip code information

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ UNSTATED
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 04/29/2011
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.