**EXHIBIT "1"**

Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

Attorneys for Plaintiff and the Class

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| RITA MEDELLIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IKEA U.S. WEST, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 37-2011-00000000-CU-NP-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08** |

Plaintiff Rita Medellin, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

I. **INTRODUCTION**

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or

1

**CLASS ACTION COMPLAINT**

1 otherwise records upon the credit card transaction form or otherwise.[1]

2. Defendant operates retail stores under the name IKEA throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information, in the form of zip codes, and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3. On information and belief, Defendant uses the zip codes and additional information obtained from its customers' credit cards, including names and credit card numbers (or portions thereof) to obtain its customers' residential addresses. Defendant obtains these addresses with the help of third-party vendors such as Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. For example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All you have to do is capture the shopper's name from a check or a third-party credit card at the point of sale and ask for the shopper's zip code . . . and Address Append takes the name, combined with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a match rate report that tells you how many addresses were matched and appended."[2]

4. Defendant does not disclose its intentions to its customers, and instead relies on the common misbelief of consumers that Defendant is using the zip code information to verify cardholders' identities similar to "pay-at-the-pump" gas station transactions where a zip code is required because there is no live clerk to verify identification. Defendant, however, is not using zip codes to verify cardholders' identities during credit card transactions and the credit card

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

[2] See www.acxiom.com/119441/fact_sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses.

companies do not require zip codes to complete in-person "card present" credit card transactions.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II.  JURISDICTION AND VENUE

6. Plaintiff is informed and believes that Defendant's principal place of business is in California. Defendant has accepted credit cards for the transaction of business throughout California, including the County of San Diego, which has caused both obligations and liability of Defendant to arise in the County of San Diego.

7. The amount in controversy exceeds the jurisdictional minimum of this Court.

## III.  THE PARTIES

### A.  Plaintiff

8. Plaintiff Rita Medellin (herein referred to as "Plaintiff") is a resident of California, and entered into a retail transaction with Defendant at one of Defendant's California stores located in San Diego County.

9. Plaintiff brings this class action against Defendant, pursuant to California Code of Civil Procedure section 382, on behalf of herself and all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (herein referred to as the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

### B.  Defendant

10. Defendant IKEA U.S. West, Inc. (herein referred to as "Defendant"), is a Delaware corporation. Plaintiff is informed and believes that Defendant's principal place of business is in California. Defendant operates retail stores under the name IKEA, throughout

California, including stores in San Diego County.

### C. Doe Defendants

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

### D. Agency/Aiding And Abetting

12. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendant

14. Within the last 12 months, Plaintiff went to Defendant's retail store located in San Diego County, California.

15. Plaintiff entered Defendant's store and proceeded to select a product from the store that Plaintiff intended to purchase.

16. After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

4
**CLASS ACTION COMPLAINT**

17. Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18. Plaintiff, believing that she was required to provide her zip code to complete the transaction, told Defendant's employee Plaintiff's zip code.

19. Defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

20. Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

21. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

22. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

V. **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

23. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

///

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

26. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether each Class member engaged in a credit card transaction with Defendant;

    b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

    c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08; and

    d. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

28. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

STONEBARGER LAW
A Professional Corporation

1  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation
2  pursuant to California Civil Code section 1747.08(e).
3      29.    Plaintiff can fairly and adequately represent the interests of the Class, she has no
4  conflicts of interest with other Class members, and has retained counsel competent and
5  experienced in class action and civil litigation.

**CAUSE OF ACTION FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE § 1747.08
[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

8      30.    Plaintiff refers to and incorporates by reference as though set forth fully herein
9  paragraphs 1 through 29 of this Complaint.
10      31.    California Civil Code section 1747.08 prohibits any corporation, which accepts
11  credit cards for the transaction of business, from requesting the cardholder to provide personal
12  identification information which the corporation then records in conjunction with a credit card
13  transaction.
14      32.    Defendant is a corporation that accepts credit cards for the transaction of business.
15  During credit card transactions entered into at Defendant's stores on each and every day during
16  the one-year period preceding the filing of this class action complaint through the present,
17  Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby
18  Defendant's cashiers both request and record zip codes and credit card numbers from customers
19  using credit cards at the point-of-sale in Defendant's retail establishments.
20      33.    It is and was Defendant's routine business practice to intentionally engage in the
21  conduct described in this cause of action with respect to every person who, while using a credit
22  card, purchases any product from any of Defendant's stores in the State of California.
23  Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil
24  penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California
25  Civil Code section 1747.08(e).
26      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.
27  / / /
28  / / /

## PRAYER FOR RELIEF

1. That the Court certifies this action as a class action appointing Plaintiff as Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

5. For costs of the suit;

6. For prejudgment interest at the legal rate;

7. And for such other relief as the Court may deem proper.

Dated: February 14, 2011                     STONEBARGER LAW, APC

By: _____
Gene J. Stonebarger
Richard D. Lambert
Attorneys for Plaintiff and the Class

STONEBARGER LAW
A Professional Corporation