UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA MEDELLIN, an individual, on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>  vs.<br>IKEA U.S. WEST, INC.; DOES 1-50, inclusive,<br><br>                                  Defendants. | CASE NO. 11cv921 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion to Consolidate Related Actions and Appoint Interim Class Counsel. (ECF No. 13).

BACKGROUND

      Plaintiff seeks to consolidate this action with *Yeoman v. IKEA U.S.A. West, Inc.,* Case No. 11cv701 WQH (BGS). Plaintiff contend that consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a) because the cases "involve common questions of law and fact, involve the same defendant, and assert claims on behalf of an identical Class." (ECF No. 13 at 2). Defendant has not responded to the Motion to Consolidate.

      Rule 42 states: "If actions before the court involve a common question of law or fact, the court may: ... (2) consolidate the actions...." Fed. R. Civ. P. 42(a). The Court has broad discretion in determining whether to consolidate actions pending in the same district. *See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th

Cir.1989); *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quotation omitted). The court should "weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Khalafala v. Miller*, 2011 WL 1815405 at *4 (D. Ariz. Feb. 8, 2011) (citation omitted).

In *Yeoman*, Plaintiff asserts one claim for violation of the Song-Beverly Credit Card Act Cal. Civ. Code section 1747. Plaintiff Yeoman alleges that "Ikea systematically and intentionally violates the Credit Card Act by uniformly requesting that cardholders provide personal identification information, including their zip codes, during credit card transactions, and then recording that information in electronic database systems." (ECF No. 1-2 at 3). Plaintiff Yeoman "brings this class action on behalf of himself and other similarly situated consumers in California from whom Ikea requested and recorded personal identification information as part of a credit card transaction." *Id*.

In *Medellin*, Plaintiff asserts one claim for violation of the Song-Beverly Credit Card Act Cal. Civ. Code section 1747. Plaintiff Medellin alleges that Ikea engages in a "pattern of unlawful and deceptive business practices by utilizing an 'Information Capture Policy' whereby Defendant's cashiers both request and record personal identification information, in the form of zip codes, and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments." (ECF No. 1-1 at 3). Plaintiff Medellin "brings this class action ... on behalf of herself and persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction." *Id*.

The Court concludes that the consolidation may be appropriate. The Court has granted Plaintiff in the *Yeoman* case ten days to seek leave to file a First Amended Complaint to add Plaintiff Rita Medellin and Medellin's counsel.[1] Upon filing of the First Amended Complaint

---

[1] Plaintiff also seeks appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). The Court has permitted Plaintiff to seek leave to add Medellin's counsel to the First Amended Complaint. Accordingly, Plaintiff's Motion for Appointment of Interim Council is DENIED as moot.

1  in *Yeoman*, the Clerk of the Court shall administratively close *Medellin v. IKEA U.S. West,*
2  *Inc.,* Case No. 11cv921 WQH (BGS).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Consolidate Related Actions (ECF No. 13) is GRANTED. Upon filing of the First Amended Complaint in the *Yeoman* case, the Clerk of the Court shall administratively close *Medellin v. IKEA U.S. West, Inc.,* Case No. 11cv921 WQH (BGS). The Motion to Appoint Interim Class Counsel (ECF No. 13) is DENIED as moot.

DATED: October 27, 2011

**WILLIAM Q. HAYES**
United States District Judge